**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Wilderness Society, Arizona Wilderness Coalition, Sierra Club, Grand Canyon Wildlands Council, and National Trust for Historic Preservation,<br><br>    Plaintiffs,<br><br>vs.<br><br>U.S. Bureau of Land Management; Ron Wenker, in his official capacity as Acting Director of U.S. BLM; James Kenna, in his official capacity as BLM Arizona State Director; Tom Edgerton, in his official capacity as Grand Canyon-Parachant National Monument Manager; Linda Price, in Her Official Capacity as Vermilion Cliffs National Monument Manager; and Lorraine M. Christian, in Her Official Capacity as Arizona Strip Field Manager,<br><br>    Defendants. | No. 09-CV-08010-PCT-PGR<br><br>**ORDER** |

Currently before the Court is the Motion for *Amicus Curiae* Status (Doc. 42) filed by the State of Arizona *ex rel*. the Arizona Game and Fish Commission and the Arizona Game and Fish Department (hereinafter referred to as "the State of Arizona"). The motion is briefed and ready for consideration.[1]

In its Motion, the State of Arizona asserts significant and unique interests in defending its role in wildlife management in the Grand Canyon-Parashant and Vermillion Cliffs

---

[1] The State of Arizona did not file a Reply brief in support of its motion.

National Monuments. Plaintiffs do not oppose the motion, however they seek to limit the State of Arizona's participation to the remedy stage, such that the Court bifurcate briefing of the merits of the case and briefing of the remedy of the case.

I. LEGAL STANDARD AND ANALYSIS

A district court has broad discretion to permit individuals or entities to participate in a case as *amici curiae*. Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir. 1982). An *amicus curiae* is not a party to the case. Miller-Wohl Co. v. Comm'r of Labor and Indus., 694 F.2d 203, 204 (9th Cir. 1982). Rather, the role of an *amicus curiae* is to provide assistance in a case of general interest, supplement the efforts of counsel in the case, and draw the court's attention to legal arguments that have escaped consideration. Id.; Funbus Sys., Inc. v. Cal. Pub. Utils. Comm'n, 801 F.2d 1120, 1125 (9th Cir. 1986).

The State of Arizona is responsible for administering state laws relating to wildlife. A.R.S. § 17-201(A). It shares cooperative management responsibility with the U.S. Fish and Wildlife Service for migratory, threatened, endangered, and candidate fish and wildlife species in Arizona. The State of Arizona worked closely with the U.S. Bureau of Land Management ("BLM") and the National Park Service as a designated cooperating agency in the preparation of the Environmental Impact Statement for the Arizona Strip, including the revisions to the Arizona Strip Resource Management Plan, the Vermillion Cliffs National Monument Resource Management Plan, and the Grand Canyon-Parashant Resource Management Plan for the BLM portion and the General Management Plan for the National Parks Service portion.

In its motion, the State of Arizona notes that, *of particular concern* is the request by Plaintiffs for an injunction ordering the BLM to immediately close primitive roads and trails to motorized and mechanized use within the Monuments. However, because *all* roads within the Monuments are "primitive", the State of Arizona's ability to manage fish and wildlife populations on the Monuments, including wildlife surveys, maintenance of water catchments and wildlife law enforcement would be seriously compromised. The State of Arizona's

position and interests are unique and not represented by any parties thus far in the lawsuit. The issues raised are significant and would bring to light matters unfamiliar to the Court.

Plaintiffs respond that they do not oppose the State of Arizona's motion to participate in this case as *amicus curiae*. However, they request that the Court limit its participation to the remedy phase. Plaintiff's argue that the State of Arizona is *strictly* concerned with the injunctive relief sought by Plaintiffs, which would order BLM to close primitive roads and trails to motorized use.

In reading the motion carefully, although it is the relief sought that is *"of particular concern"* to the *amicus* (not unlike the other parties), that does not preclude an *amicus* from participating in the merits portion of the lawsuit. The role of an *amicus* is to provide assistance in matters of general interest and that bring light to legal considerations that the Court would otherwise not have considered. Funbus Sys., Inc., 801 F.2d at 1125. The fact that the ultimate remedy sought is of particular concern does not infer that there are no other concerns or that nothing in the merits stage is implicated. More importantly, what is of particular assistance to this Court is information regarding the *specific interest*s of the State of Arizona, which differ considerably to the parties and the other individual *amicus curiae* in this case. More specifically, this Court seeks information from the State of Arizona regarding the effect a ban on motorized travel would have on the State of Arizona's statutory obligations to conserve and protect fish and wildlife resources as a public trust responsibility within the Monuments and the actual effect on the Monuments and wildlife. Such considerations would not otherwise have been brought to this Court's attention and the State of Arizona is in a unique position to assist the Court in these maters. Moreover, the State of Arizona was a cooperating agency in the preparation of the Environmental Impact Statement for the Arizona Strip, including the revisions to the Arizona Strip Resource Management Plan, as well as the Monuments Resource Management Plan. The Court will not reserve consideration of such significant matters until the remedy phase. These matters are global and not confined to the remedy, despite the semantics proposed in the original motion.

- 3 -

## II. CONCLUSION

The Court will not bifurcate the briefing of this case. The State of Arizona will be permitted to participate during the merits phase as it deems necessary to assist the Court. The State of Arizona will not be permitted to introduce extra-record materials outside of the administrative record prepared by the agencies, or to file pleadings, motions, or otherwise participate in a manner reserved for the parties in the case. It may file responsive briefs aimed at aiding the Court in analyzing *relevant issues* that have not been emphasized by the parties. Based upon its special expertise, it may explain the potential impact of decisions on a group, individuals, or on the Monuments and wildlife. It is prohibited from filing duplicative arguments, as that will only serve to congest the court and waste valuable time and resources.

Accordingly,

IT IS HEREBY ORDERED GRANTING the State of Arizona*'s* Motion for *Amicus Curiae* Status. (Doc. 42.)

IT IS FURTHER ORDERED that the State of Arizona may file responsive briefs according to a future briefing schedule.

IT IS FURTHER ORDERED that as stated in the previous scheduling order (Doc. 40), the parties and all *amici* and intervenors are to confer with each other, and **within 7 days of this order**, file a revised **joint** proposed briefing schedule for (1) challenges to the administrative record and (2) summary judgment motions.

DATED this 21st day of June, 2010.

Paul G. Rosenblatt
United States District Judge